*L: Drive*
*MDL-Transfer*
*Shante Download*

*08cv309*
*(JFK)*

CLERK_1, CLOSED

## U.S. District Court
## Northern District of Florida (Gainesville)
## CIVIL DOCKET FOR CASE #: 1:07-cv-00246-SPM-AK
## Internal Use Only

MENGE V MERCK & CO INC                  Date Filed: 12/04/2007
Assigned to: JUDGE STEPHAN P MICKLE     Date Terminated: 01/23/2008
Referred to: MAGISTRATE JUDGE ALLAN KORNBLUM  Jury Demand: Both
Demand: $75,000                         Nature of Suit: 365 Personal Inj
Cause: 28:1332 Diversity-Personal Injury  Liability
                                        Jurisdiction: Diversity

**Plaintiff**

**JEANNE GAYE MENGE**            represented by  **ROBERT GEOFFREY GER**
                                             PITTMAN GERMANY ROBE
                                             WELSH - JACKSON MS
                                             410 S PRESIDENT ST [39201
                                             PO BOX 22985
                                             JACKSON, MS 39225-2985
                                             601-948-6200
                                             Fax: 601-948-6187
                                             Email: rgg@pgrwlaw.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

**Plaintiff**

**MERCK & CO INC**               represented by  **PATRICIA E LOWRY**
                                             SQUIRE SANDERS & DEMF
                                             ETC - WEST PALM BEACH I
                                             777 S FLAGLER DR - STE. 19
                                             PHILLIPS POINT WEST
                                             WEST PALM BEACH, FL 334
                                             561-650-7214
                                             Fax: 561-655-1509
                                             Email: plowry@ssd.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **BARBARA BOLTON LITTE**

CERTIFIED A TRUE **COPY**
WILLIAM M McCOOL, **Clerk**
By
**Deputy Clerk**

PHILLIPS POINT WEST
WEST PALM BEACH, FL 33401-6198
561-650-7120
Fax: 561-655-1509
Email: blitten@ssd.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 12/04/2007 | 1 | COMPLAINT against MERCK & CO INC (Filing fee $350.), filed by JEANNE GAYE MENGE. (kdm) (Entered: 12/04/2007) |
| 12/04/2007 | 2 | CIVIL COVER SHEET. (kdm) (Entered: 12/04/2007) |
| 12/04/2007 | 3 | Summons Issued as to MERCK & CO INC. (kdm) (Entered: 12/04/2007) |
| 12/04/2007 |  | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of Judge JUDGE STEPHAN P MICKLE notified that action is needed Re: 1 Complaint (kdm) (Entered: 12/04/2007) |
| 12/04/2007 |  | (Court only) ***Set/Reset Deadline - 120 Day No Activity Deadline set for **4/2/2008**. (kdm) (Entered: 12/04/2007) |
| 12/06/2007 |  | MAGISTRATE JUDGE ALLAN KORNBLUM added. (kdm) (Entered: 12/06/2007) |
| 12/06/2007 |  | (Court only) ***Set/Clear Flags, Law Clerk 1 (rfb) (Entered: 12/06/2007) |
| 01/07/2008 | 4 | ANSWER to 1 Complaint with Jury Demand by MERCK & CO INC. (LITTEN, BARBARA) (Entered: 01/07/2008) |
| 01/08/2008 |  | (Court only) ***Attorney PATRICIA E LOWRY for MERCK & CO INC added per 4 Answer. (kdm) (Entered: 01/08/2008) |
| 01/09/2008 | 5 | SUMMONS Returned Executed by JEANNE GAYE MENGE. MERCK & CO INC served on 12/18/2007, answer due 1/7/2008. (GERMANY, ROBERT) (Entered: 01/09/2008) |
| 01/11/2008 | 6 | NOTICE of the CONDITIONAL TRANSFER ORDER from New York (MDL# 1789) (pending arrival of the certified copy of Order) re 1 Complaint. (kdm) (Entered: 01/14/2008) |
| 01/22/2008 | 7 | (Court only) ***Staff notes: No initial scheduling order entered pursuant to 6 Notice of Filing Conditional Order of Transfer filed by JEANNE GAYE MENGE and instructions from Chambers (tss) (Entered: 01/22/2008) |
| 01/22/2008 | 8 | NOTICE of CERTIFIED TRANSFER ORDER from New York, NY (MDL No 1789) (Southern District of New York case number 08-cv-309) re 1 Complaint. (kdm) (Entered: 01/23/2008) |

| 01/23/2008 | ⚫9 | Interdistrict Transfer to the SOUTHERN DISTRICT OF NEW YORK per 8 NOTICE of CERTIFIED TRANSFER ORDER. (kdm) (Entered: 01/23/2008) |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

JEANNE GAYE MENGE

     VS                                   CASE NO.  1:07-cv-00246-SPM-AK
                                                  MDL CASE NO.   1789

MERCK & CO INC

## NOTICE OF TRANSFER OUT OF DISTRICT

**To:**   Clerk, United States District Court
        Southern District Of New York District of
        OFFICE OF THE CLERK
        500 PEARL STREET
        NEW YORK, NY 10007

      Pursuant to the Order of the MDL Panel transferring the above-styled civil action to your court and notification by your court, please find attached a certified copy of the docket sheet and the original file in said civil action.

      Please acknowledge receipt of the file and docket sheet on the enclosed copy of this notice of transmittal.

                              WILLIAM M. McCOOL, CLERK OF COURT

 January 23, 2008              S/ KELLI MALU
DATE:                                Deputy Clerk: Kelli Malu

Acknowledgment:            1/14/08
Date received in your district:
Your Case No.:            08 cv 309 (JFK)

Document No.

UNITED STATES DISTRICT COURT
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, N.Y. 10007
(212)805-0136

J. Michael McMahon
Clerk
USDC ND OF FLORIDA

Date:    1/14/08

In Re:   FOSAMAX

MDL      1789

Your Docket #              S.D. OF N.Y.

1:07-246                   08 CV 309

Dear Sir:

    Enclosed is a certified copy of the order of the Judicial Panel on Multidistrict Litigation, transferring the above entitled action presently pending in your court, to the Southern District of New York and assigned to Judge KEENAN        for coordinated or consolidated pretrial processing pursuant to 28 USC 1407.

    Please return the copy of this letter when transmitting YOUR FILE and a CERTIFIED COPY OF THE DOCKET SHEET.

Sincerely,
J.Michael McMahon

By:
MDL Unit
(212) 805-0646

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE. FLA.

2008 JAN 22  PM 3: 21

RECEIVED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

JEANNE GAYE MENGE

VS                                          CASE NO.  1:07-cv-00246-SPM-AK
                                            MDL CASE NO.   1789

MERCK & CO INC

## NOTICE OF TRANSFER OUT OF DISTRICT

**To:**    Clerk, United States District Court
           Southern District Of New York District of
           OFFICE OF THE CLERK
           500 PEARL STREET
           NEW YORK, NY 10007

Pursuant to the Order of the MDL Panel transferring the above-styled civil action to your court and notification by your court, please find attached a certified copy of the docket sheet and the original file in said civil action.

Please acknowledge receipt of the file and docket sheet on the enclosed copy of this notice of transmittal.

WILLIAM M. McCOOL, CLERK OF COURT


 January 23, 2008              S/ KELLI MALU
DATE:                         Deputy Clerk: Kelli Malu


Acknowledgment:              _____
Date received in your district:  _____ ___
Your Case No.:               _____

Document No.

# UNITED STATES DISTRICT COURT

**NORTHERN DISTRICT OF FLORIDA**
**OFFICE OF THE CLERK**

**WILLIAM M. MCCOOL**
CLERK OF COURT
111 N. ADAMS STREET
TALLAHASSEE, FLORIDA 32301-7717
850.521.3501
850.521.3656 FAX

**SHEILA HURST-RAYBORN**
CHIEF DEPUTY CLERK
111 N. ADAMS STREET
TALLAHASSEE, FLORIDA 32301-7717
850.521.3501
850.521.3656 FAX

*Visit our web site at www.flnd.uscourts.gov*

Transfers from the Northern District of Florida to other U.S. District Courts

These instructions are for internal court use only.  Do not make these instructions part of the electronic record.

NDFL Case Number:      1:07-cv-246 SPM/AK
NDFL Case Caption:      MENGE v. MERCK & CO INC

The above referenced case is being transferred to your district.  The official court record in our district is the electronic record.  These instructions will allow you to access the electronic record for incorporation into your new case.

Instructions for retrieving electronic case filings

Using a web browser access the Northern District of Florida CM/ECF system at:
https://ecf.flnd.uscourts.gov/

At the login type:      usdctransfer
 Password:           casein05
 Client Code:        (leave blank)

Once you are logged into CM/ECF:
  ‣    Select Reports
  ‣    Select Docket Sheet
  ‣    Type in the case number
  ‣    Run report
  ‣    Either print the docket sheet in hard copy or print to a PDF electronic file.

To incorporate the documents into your record either access each document and print them, or access each document and save into an electronic PDF format on your local network.  The PDF files locally saved may then be posted to your CM/ECF system as attachments to the case initiating document or docket sheet.

Docket entries which do not contain an underlined document number are text only entries with no corresponding electronic or paper original document.

*The mission of the Office of the Clerk of the Northern District of Florida is to provide superior service to the public and the Court.*

Gainesville Division
401 SE 1st Avenue
Gainesville, Florida 32601
352.380.2400
352.380.2424 FAX

Pensacola Division
1 N. Palafox Street
Pensacola, Florida 32502-5658
850.435.8440
850.433.5972 FAX

Tallahassee Division
111 N. Adams Street
Tallahassee, Florida 32301-7717
850.521.3501
850.521.3656 FAX

Panama City Division
30 W. Government Street
Panama City, Florida 32401
850.769.4556
850.769.7528 FAX

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## AT GAINESVILLE

| | | |
|---|---|---|
| **JEANNE GAYE MENGE** | ) | |
| | ) | Civil Action No. \|:07cv 246  SPM |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **COMPLAINT** |
| **MERCK & CO., INC.** | ) | |
| | ) | **JURY TRIAL DEMAND** |
| **Defendant,** | ) | |

Plaintiff, Jeanne Gaye Menge ("Menge"), files this civil action against Defendant, Merck & Co., Inc. ("Merck") as follows:

### PARTIES

1.      Jeanne Gaye Menge is a citizen and resident of the State of Florida, residing in Neptune Beach, Florida.

2.      At all times herein mentioned, Merck was and is a Delaware corporation, with its principal place of business at One Merck Drive, Post Office Box 100, Whitehouse Station, New Jersey 08889-0100.

3.      At all times herein mentioned, Merck did business in the State of Florida.

### JURISDICTION

4.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) and Menge is a citizen of a State which is different from the State where Merck is incorporated and has its principal place of business.

## FACTUAL BACKGROUND

5.    Merck designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

6.    Fosamax is the brand name of Alendronate Sodium, which is in a class of prescription drugs called bisphosphonates. Fosamax is administered orally.

7.    Fosamax was approved by the United States Food and Drug Administration for the treatment and prevention of osteoporosis.

8.    The product literature prepared by Merck and circulated to physicians for use in prescribing the drug contained no warning and/or an inadequate warning about osteonecrosis of the jaw or other bone structure.

9.    In January, 2002 or before, Merck received information that bisphosphonates, including Alendronate Sodium, were associated with osteonecrosis of the jaw.

10.    Merck sent some information to some health care providers regarding a possible risk of osteonecrosis of the jaw with the use of Fosamax in July, 2005.

11.    Merck has yet to send any information to dentists or oral surgeons regarding the fact that Fosamax can and does cause osteonecrosis of the jaw.

12.    Menge was prescribed and she took Fosamax.

13.    As a result of taken Fosamax, Menge developed osteonecrosis of the jaw.

14.    As a result of taking Fosamax, Menge suffered compensable injuries.

## COUNT I.    STRICT LIABILITY

9.    Merck was engaged in the business of manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, warning, and otherwise

distributing Fosamax in interstate commerce, which it then sold and distributed throughout the world. Therefore, Merck is a manufacturer and this is a product liability action as specified by Florida law.

10.     The Plaintiff, Jeanne Gaye Menge, was taking Fosamax in a reasonably foreseeable manner.

11.     Fosamax reached her without a substantial change in condition.

12.     She was not aware of and reasonably could not have discovered the specific danger of severe ONJ caused by Fosamax.

13.     Fosamax causes ONJ. Therefore Fosamax is an "unreasonably dangerous / defective product" as specified by Florida law due to Merck's failure to adequately warn Plaintiff. In addition, the subject drug was not properly designed, tested, manufactured or marketed by Merck.

14.     This unreasonably dangerous / defective drug causes bisphosphonate-induced ONJ. Plaintiff has suffered ONJ. She has sustained compensatory damages in an amount to be proven at trial.

15.     Merck's conduct was "gross negligence" as defined by FL.ST. § 768.72. To this day, Merck has refused to acknowledge that Fosamax causes ONJ and has not adequately warned dentists and other health care providers across the nation of this danger or how to monitor and treat patients who took Fosamax as prescribed. Therefore, Plaintiff seeks imposition of punitive damages in order to punish Merck and to deter it from similar conduct in the future.

## COUNT II.   NEGLIGENCE

16.     Merck owed the Plaintiff a common law duty to use reasonable care in manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, and

advertising of Fosamax. This duty included an adequate warning about the danger of ONJ.

    17.    Merck breached its duty of care in one or more of the following respects:

    a.    Failing to test and inspect Fosamax in a reasonable manner in order to ascertain whether or not it was safe and proper for the purpose for which it was designed, manufactured, and sold;

    b.    Failing to utilize and implement a reasonably safe design in the manufacture of Fosamax;

    c.    Failing to manufacture Fosamax in a reasonably safe condition;

    d.    Failing to adequately warn the Plaintiff of the danger of bisphosphonate-induced ONJ;

    e.    Failing to label Fosamax reasonably so as to properly warn the Plaintiff of the danger of bisphosphonate induced ONJ; and

    f.    Manufacturing Fosamax, which is an unreasonably dangerous / defective drug.

    18.    Furthermore, Merck is guilty of negligence *per se*. Merck violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, *et seq.*, and the Sherman Food, Drug and Cosmetic Law, as well as other applicable laws, statutes, and regulations. Merck's acts and omissions constitute an adulteration and/or misbranding as defined by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 331. This is negligence *per se.*

    19.    Merck failed to meet the standard of care set forth by the following statutes and regulations. Legislators enacted these statutes and regulations for the benefit of a specific class of citizens. The Plaintiff is part of this class. Therefore, Merck is negligent *per se* in the following respects:

    (a)    The labeling lacked adequate information on the use of the drug Fosamax (21 C.F.R. Section 201.56[a] and [d]);

(b)    The labeling failed to provide adequate warnings of severe and disabling medical conditions including, without limitations, ONJ, and other adverse medical conditions as soon as there was reasonable evidence of their association with the drug (21 C.F.R. 201.57[e]);

(c)    There was inadequate information for patients for the safe and effective use of the subject drug (21 C.F.R. 20157[f][2]);

(d)    There was inadequate information regarding special care to be exercised by the doctor for safe and effective use of the subject drug (21 C.F.R. 201.57[f][2]); and

(e)    The labeling was misleading and promotional (21 C.F.R. 201.56[b]).

20.    Merck's negligence is the proximate cause of all damages. Plaintiff suffered ONJ. She has sustained compensatory damages in an amount to be proven at trial, including but not limited to damages for pain and suffering, disability, disfigurement, impairment of working ability, mental anguish, loss of enjoyment of life, past medical expenses and future medical expenses.

WHEREFORE, the Plaintiff requests that a jury be impaneled and that this Court award compensatory damages and punitive damages against Merck in the amount specified by the jury.

Dated: December 3, 2007

PITTMAN GERMANY ROBERTS & WELSH, L.L.P.

BY: _____
Robert G. Germany, MSB #4800
PITTMAN, GERMANY, ROBERT
        & WELSH, L.L.P.
410 South President Street (39201)
Post Office Box 22985
Jackson, Mississippi 39225-2985
Telephone: 601-948-6200
Facsimile: 601-948-6187
Admitted: February 13, 2006

℀JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| JEANNE GAYE MENGE | MERCK & CO., INC. |

| **(b)** County of Residence of First Listed Plaintiff   DUVAL<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant   UNKNOWN<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|

| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>Robert G. Germany, Pittman, Germany, Roberts & Welsh, L.L.P.,<br>410 South President Street, Jackson, MS 39201 | Attorneys (If Known)   1:07cv 246 SPM |
|---|---|

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

❏ 1  U.S. Government Plaintiff

❏ 3  Federal Question (U.S. Government Not a Party)

❏ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>❏ 153 Recovery of Overpayment of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product Liability<br>❏ 320 Assault, Libel & Slander<br>❏ 330 Federal Employers' Liability<br>❏ 340 Marine<br>❏ 345 Marine Product Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle Product Liability<br>❏ 360 Other Personal Injury | **PERSONAL INJURY**<br>❏ 362 Personal Injury - Med. Malpractice<br>☒ 365 Personal Injury - Product Liability<br>❏ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal Property Damage<br>❏ 385 Property Damage Product Liability | ❏ 610 Agriculture<br>❏ 620 Other Food & Drug<br>❏ 625 Drug Related Seizure of Property 21 USC 881<br>❏ 630 Liquor Laws<br>❏ 640 R.R. & Truck<br>❏ 650 Airline Regs.<br>❏ 660 Occupational Safety/Health<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 840 Trademark | ❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 810 Selective Service<br>❏ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY**<br>❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | **CIVIL RIGHTS**<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/ Accommodations<br>❏ 444 Welfare<br>❏ 445 Amer. w/Disabilities - Employment<br>❏ 446 Amer. w/Disabilities - Other<br>❏ 440 Other Civil Rights | **PRISONER PETITIONS**<br>❏ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>❏ 530 General<br>❏ 535 Death Penalty<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition | **LABOR**<br>❏ 710 Fair Labor Standards Act<br>❏ 720 Labor/Mgmt. Relations<br>❏ 730 Labor/Mgmt.Reporting & Disclosure Act<br>❏ 740 Railway Labor Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff or Defendant)<br>❏ 871 IRS—Third Party 26 USC 7609 | ❏ 875 Customer Challenge 12 USC 3410<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 892 Economic Stabilization Act<br>❏ 893 Environmental Matters<br>❏ 894 Energy Allocation Act<br>❏ 895 Freedom of Information Act<br>❏ 900Appeal of Fee Determination Under Equal Access to Justice<br>❏ 950 Constitutionality of State Statutes |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1 Original Proceeding

❏ 2 Removed from State Court

❏ 3 Remanded from Appellate Court

❏ 4 Reinstated or Reopened

❏ 5 Transferred from another district (specify)

❏ 6 Multidistrict Litigation

❏ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332

Brief description of cause:
ONJ from taking Fosamax

| VII. REQUESTED IN COMPLAINT: | ❏ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $** | CHECK YES only if demanded in complaint:<br>**JURY DEMAND:**   ☒ Yes   ❏ No |
|---|---|---|---|

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE   Keenan

DOCKET NUMBER   MDL-1789

DATE   12 / 3 / 07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # HZN 1-413   AMOUNT 350°°   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| JEANNE GAYE MENGE | : | |
| | : | Civil Action No. 1:07-cv-246-SPM |
| Plaintiff, | : | |
| | : | **ANSWER AND AFFIRMATIVE** |
| vs. | : | **DEFENSES OF MERCK** |
| | : | **& CO., INC.;** |
| MERCK & CO., INC. | : | |
| | : | **DEMAND FOR JURY TRIAL** |
| Defendant. | : | |

Defendant, Merck Co., Inc. ("Merck"), by and through its undersigned attorneys, hereby answers the Complaint. Merck denies all allegations set forth in the Complaint except to the extent such allegations are specifically admitted below:

## PARTIES

1.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1.

2.     Merck admits that it is a corporation organized under the laws of the State of New Jersey with its principal place of business in Whitehouse Station, New Jersey. Except as expressly admitted herein, Merck denies the remaining allegations of Paragraph 2.

3.     Merck admits that it is registered to do business in the State of Florida.

## JURISDICTION

4.     The allegations of Paragraph 4 are conclusions of law to which no response is required. To the extent that a response is required, Merck denies each and

every allegation of Paragraph 4, except for jurisdictional purposes only, admits that

Plaintiff seeks in excess of $75,000.

## **FACTUAL BACKGROUND**

5.      Merck denies each and every allegation of Paragraph 5, except that it

admits that Merck manufactured, marketed, and distributed the prescription medicine

FOSAMAX® in accordance with its approved prescribing information.

6.      Merck admits only that FOSAMAX® is a prescription medication

approved by the FDA for prescription in accordance with its approved prescribing

information and denies any allegations in Paragraph 6 inconsistent with that prescribing

information.  Merck respectfully refers the Court to the Physician's Desk Reference

("PDR") for FOSAMAX® for its actual language and full text.

7.      Merck denies each and every allegation of Paragraph 7, except that Merck

admits that it sought and, in 1995, first obtained FDA approval to manufacture and

market FOSAMAX® 10 mg and FOSAMAX® 40 mg tablets, a prescription medication

approved by the FDA for prescription in accordance with its approved prescribing

information.  Merck denies any allegations in Paragraph 7 inconsistent with that

prescribing information and respectfully refers the Court to the PDR for FOSAMAX®

for its actual language and full text.

8.      Merck denies each and every allegation of Paragraph 8.

9.      The Complaint contains two paragraphs numbered 9.  Merck denies each

and every allegation of the first paragraph numbered 9.

10. The Complaint contains two paragraphs numbered 10. Merck denies each and every allegation of the first paragraph numbered 10, except that Merck states that on January 31, 2005, it received a request dated January 24, 2005 from the FDA to update the label for FOSAMAX® to include bisphosphonate class labeling for ONJ. Merck submitted a draft revised label to the FDA on March 1, 2005. FDA comments on this draft revised label were received in June 2005, and the new label was made publicly available in July 2005.

11. The Complaint contains two paragraphs numbered 11. Merck denies each and every allegation of the first paragraph numbered 11.

12. The Complaint contains two paragraphs numbered 12. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first paragraph numbered 12.

13. The Complaint contains two paragraphs numbered 13. Merck denies each and every allegation of the first paragraph numbered 13.

14. The Complaint contains two paragraphs numbered 14. Merck denies each and every allegation of the first paragraph numbered 14.

**COUNT I.  STRICT LIABILITY**

9. The Complaint contains two paragraphs numbered 9. Merck denies each and every allegation contained in the second paragraph numbered 9, except that it admits that Merck manufactured, marketed and distributed the prescription medication FOSAMAX® for prescription in accordance with its approved prescribing information.

Merck further admits that Plaintiff purports to bring a product liability action against Merck, but denies that there is any legal or factual basis for same.

10.    The Complaint contains two paragraphs numbered 10.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second paragraph numbered 10.

11.    The Complaint contains two paragraphs numbered 11.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second paragraph numbered 11.

12.    The Complaint contains two paragraphs numbered 12.  Merck denies each and every allegation of the second paragraph numbered 12.

13.    The Complaint contains two paragraphs numbered 13.  Merck denies each and every allegation of the second paragraph numbered 13.

14.    The Complaint contains two paragraphs numbered 14.  Merck denies each and every allegation of the second paragraph numbered 14.

15.    Merck denies each and every allegation contained in Paragraph 15, except that it admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for same or that Plaintiff states a cause of action for punitive damages under Florida law.

## COUNT II.  NEGLIGENCE

16.    The allegations contained in Paragraph 16 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck

denies each and every allegation contained in Paragraph 16, and respectfully refers the Court to the relevant legal standards, including any conflict of law rules.

17.    Merck denies each and every allegation contained in Paragraph 17, including every allegation contained in subparagraphs a-f.

18.    The allegations contained in Paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in Paragraph 18 and denies that Paragraph 18 states a cause of action.  Merck further states that the cited statutory provisions speak for themselves and are the best evidence of their terms, and Merck denies plaintiff's characterization of those provisions.

19.    Merck denies each and every allegation contained in Paragraph 19, including every allegation contained in subparagraphs a-e, except avers that the allegations contained in the second sentence of Paragraph 19 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said sentence.  Merck further states that the cited statutory provisions speak for themselves and are the best evidence of their terms, and Merck denies plaintiff's characterization of those provisions.

20.    Merck denies each and every allegation contained in Paragraph 20.

WHEREFORE, Merck denies that Plaintiff is entitled to the relief requested and respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to Merck in this matter. Merck, therefore, asserts said affirmative defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Merck may withdraw any of these affirmative defenses as may be appropriate. Further, Merck reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Merck demands strict proof of all claims and allegations contained in Plaintiff's Complaint that Merck has not expressly admitted. Further answering and by way of additional defense, Merck states as follows:

### FIRST AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of FOSAMAX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative fault and/or negligence.

## NINTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of FOSAMAX®.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under the applicable state law because FOSAMAX® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages, such claim is barred because FOSAMAX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of FOSAMAX® and any other medicine

or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Products Liability.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of FOSAMAX®.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recovery for strict liability because Plaintiff cannot state claims founded in strict liability because, among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiff's claims to a negligence cause of action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency.  Therefore, Plaintiff's claims pertaining to unfair or deceptive practices are barred.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined in Restatement of Torts.  The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Florida Constitutions.

## THIRTIETH AFFIRMATIVE DEFENSE

The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken by Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to Plaintiff's claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

At all times relevant herein, any product which is the subject matter of this action manufactured and distributed by Merck in any state in the United States was manufactured and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained an ascertainable loss of property or money.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any actual injury or damages.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of economic loss.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This case is more appropriately brought in a different venue as defined in 28 U.S.C. §1404(a).

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

This case is subject to dismissal and/or transfer to another venue pursuant to 28 U.S.C. §1406(a).

## THIRTY-NINTH AFFIRMATIVE DEFENSE

This case is subject to dismissal or stay on the grounds of *forum non conveniens.*

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are not pleaded with the required particularity.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot recover for the claims asserted because Plaintiff has failed to comply with the conditions precedent necessary to bring this action and/or each particular cause of action asserted by Plaintiff.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of warranty are barred because Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## FORTY-THIRD AFFIRMATIVE DEFENSE

An asymptomatic plaintiff lacks standing because she has suffered no damages and no injury-in-fact.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Final Rule, Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, FDA Docket No. 2000N-1269 (January 24, 2006).

## FORTY-FIFTH AFFIRMATIVE DEFENSE

The substantive law of Florida applies to Plaintiff's claims.

_____

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

DATED:          January 7, 2008                    Respectfully submitted,


                                                   /s/ Barbara Bolton Litten
                                                   Patricia E. Lowry
                                                   PLowry@ssd.com
                                                   Florida Bar No. 332569
                                                   Barbara Bolton Litten
                                                   BLitten@ssd.com
                                                   Florida Bar No. 0091642
                                                   Squire, Sanders & Dempsey L.L.P.
                                                   1900 Phillips Point West
                                                   777 South Flagler Drive
                                                   West Palm Beach, FL  33401-6198
                                                   Tel.: 561.650.7200
                                                   Fax: 561.655.1509

                                                   *Attorneys for Defendant Merck & Co., Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 7th day of January, 2008 a copy of the

foregoing was electronically filed with the Clerk of the Court using the CM/ECF system,

which will send a notice to Plaintiff's counsel:

> Robert G. Germany
> PITTMAN, GERMANY, ROBERT & WELSE, L.L.P.
> 410 South President Street (39201)
> Post Office Box 22985
> Jackson, Mississippi 39225-2985


> /s/ Barbara Bolton Litten
> Barbara Bolton Litten

WESTPALMBEACH/521503.1

16

✎AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Northern | District of | Florida |

GAINESVILLE DIVISION

JEANNE GAYE MENGE

**SUMMONS IN A CIVIL ACTION**

V.

MERCK & CO., INC.

CASE NUMBER: 1-07-cv-246
SPM

TO: (Name and address of Defendant)

MERCK & CO., INC.
ONE MERCK DRIVE
POST OFFICE BOX 100
WHITEHOUSE STATION, NJ  08889-0100

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

ROBERT G. GERMANY
PITTMAN, GERMANY, ROBERTS & WELSH, L.L.P.
410 SOUTH PRESIDENT STREET
JACKSON, MS  39201

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

WILLIAM M. McCOOL, Clerk                                    12-4-2007

_____          _____
CLERK                                                          DATE

_____
(By) DEPUTY CLERK

# RETURN OF SERVICE

## UNITED STATES DISTRICT COURT
## NORTHERN District of Florida

Case Number: 07 CV 246

Plaintiff:
**JEANNE GAYE MENGE**

vs.

Defendant:
**MERCK & CO., INC.,**

Received by FRONT RANGE LEGAL PROCESS SERVICE to be served on **MERCK & CO. INC., 1 MERCK DRIVE, WHITEHOUSE STATION, NJ 08889**.

I, Howard Appel (Constable), do hereby affirm that on the **18th day of December, 2007** at **11:50 am, I:**

SERVED the within named CORPORATION by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour endorsed thereon by me to CONNIE BOYLE as Records Custodian.

I, the undersigned, certify that I am over the age of 18, being a competent adult without any direct interest in this litigation and being a process server in good standing.

**Howard Appel (Constable)**
PROCESS SERVER

**FRONT RANGE LEGAL PROCESS SERVICE**
**826 Roma Valley Dr.**
**Fort Collins, CO  80526**
**(888) 387-3783**

Our Job Serial Number: ⁀⁀⁀⁀⁀
Ref: 2007009388

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V6.2f

# UNITED STATES JUDICIAL PANEL

## on

# MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888
http://www.jpml.uscourts.gov

January 8, 2008

*1-07-cv-245*
*1-07-cv-246*

J. Michael McMahon, Clerk
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: MDL No. 1789 -- IN RE: Fosamax Products Liability Litigation

(See Attached CTO-43)

Dear Mr. McMahon:

I am enclosing a certified copy and one additional copy of a conditional transfer order filed by the Panel in the above-captioned matter on December 21, 2007. As stipulated in Rule 7.4(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), transmittal of the order has been stayed 15 days to give any party an opportunity to oppose the transfer. The 15-day period has now elapsed, no opposition was received, and the order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _____
Deputy Clerk

Attachment

cc:   Transferee Judge:       Judge John F. Keenan
       Transferor Judges:      Judge Stephan P. Mickle; Judge Leonard D. Wexler
       Transferor Clerks:      William M. McCool; Robert C. Heinemann

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**DEC 2 1 2007**

FILED
CLERK'S OFFICE

## UNITED STATES JUDICIAL PANEL
### on
## MULTIDISTRICT LITIGATION

## IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION                    MDL No. 1789

### (SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO-43)

On August 16, 2006, the Panel transferred four civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 444 F.Supp.2d 1347 (J.P.M.L. 2006). Since that time, 106 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable John F. Keenan.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Keenan.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of August 16, 2006, and, with the consent of that court, assigned to the Honorable John F. Keenan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

**JAN - 8 2008**

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION**          MDL No. 1789

## SCHEDULE CTO-43 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**          **CASE CAPTION**

FLORIDA NORTHERN
   FLN 1  07-245          Martha Ingram Miller v. Merck & Co., Inc.
   FLN 1  07-246          Jeanne Gaye Menge v. Merck & Co., Inc.
   FLN 1  07-247          Mary Ann Guetter v. Merck & Co., Inc.

NEW YORK EASTERN
   NYE 2  07-5127          Carol A. Hibbins v. Merck & Co., Inc.

**IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION**                    MDL No. 1789

## INVOLVED COUNSEL LIST (CTO-43)

Robert G. Germany
PITTMAN GERMANY ROBERTS & WELSH LLP
410 South President Street
Jackson, MS 39201

M. King Hill, III
VENABLE LLP
210 Allegheny Avenue
Towson, MD 21204

Katharine R. Latimer
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W.
9th Floor
Washington, DC 20005

David B. Rheingold
RHEINGOLD VALET RHEINGOLD SHKOLNIK & MCCARTNEY
113 East 37th Street
New York, NY 10016-3042

Christopher A. Seeger
SEEGER WEISS
One William Street
10th Floor
New York, NY 10004-2502

Terry O. Tottenham
FULBRIGHT & JAWORSKI LLP
600 Congress Avenue
Suite 2400
Austin, TX 78701-2011

UNITED STATES DISTRICT COURT
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, N.Y. 10007
(212)805-0136

J. Michael McMahon
Clerk
USDC ND OF FLORIDA

Date:   1/14/08

In Re:   FOSAMAX

MDL      1789

Your Docket #

1:07-246

S.D. OF N.Y.

08 CV 309

Dear Sir:

Enclosed is a certified copy of the order of the Judicial Panel on Multidistrict Litigation, transferring the above entitled action presently pending in your court, to the Southern District of New York and assigned to Judge KEENAN      for coordinated or consolidated pretrial processing pursuant to 28 USC 1407.

Please return the copy of this letter when transmitting YOUR FILE and a CERTIFIED COPY OF THE DOCKET SHEET.

Sincerely,
J.Michael McMahon

By:
MDL Unit
(212) 805-0646

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
GAINESVILLE, FLA.

2008 JAN 23  PM 12: 09

RECEIVED

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

2008 JAN 22  PM 3: 20

FILED

# 08 CV 0309

A CERTIFIED TRUE COPY

JAN - 8 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## JUDGE KEENAN

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 21 2007

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION**                      MDL No. 1789

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO-43)**

On August 16, 2006, the Panel transferred four civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 444 F.Supp.2d 1347 (J.P.M.L. 2006). Since that time, 106 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable John F. Keenan.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Keenan.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of August 16, 2006, and, with the consent of that court, assigned to the Honorable John F. Keenan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

JAN - 8 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

A CERTIFIED COPY
J. MICHAEL McMAHON,                    CLERK

BY _____
              DEPUTY CLERK

**IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION**          MDL No. 1789

## SCHEDULE CTO-43 - TAG-ALONG ACTIONS

### <u>DIST. DIV. C.A. #</u>                    ### <u>CASE CAPTION</u>

FLORIDA NORTHERN
    FLN 1  07-245          Martha Ingram Miller v. Merck & Co., Inc.
    FLN 1  07-246          Jeanne Gaye Menge v. Merck & Co., Inc.
    FLN 1  07-247          Mary Ann Guetter v. Merck & Co., Inc.

NEW YORK EASTERN
    NYE 2  07-5127         Carol A. Hibbins v. Merck & Co., Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

JEANNE GAYE MENGE

    VS                       CASE NO.  1:07-cv-00246-SPM-AK
                                      MDL CASE NO.   1789

MERCK & CO INC

## NOTICE OF TRANSFER OUT OF DISTRICT

**To:**   Clerk, United States District Court
      Southern District Of New York District of
      OFFICE OF THE CLERK
      500 PEARL STREET
      NEW YORK, NY 10007

     Pursuant to the Order of the MDL Panel transferring the above-styled civil action to your court and notification by your court, please find attached a certified copy of the docket sheet and the original file in said civil action.

     Please acknowledge receipt of the file and docket sheet on the enclosed copy of this notice of transmittal.

                      WILLIAM M. McCOOL, CLERK OF COURT

_January 23, 2008_        S/ KELLI MALU_____
DATE:                      Deputy Clerk: Kelli Malu

Acknowledgment:       _____
Date received in your district:  _____
Your Case No.:           _____

Document No.